UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

SUZETTE DE SOUZA, individually and on behalf of all others
similarly situated,

Docket No. _____

Plaintiff,

CLASS ACTION
COMPLAINT

-against-

JURY TRIAL
DEMANDED

THE STATE OF NEW YORK; NEW YORK STATE OFFICE FOR
PEOPLE WITH DEVELOPMENTAL DISABILITIES; WILLOW
BAER, Acting Commissioner (in her official capacity); STEPHANIE
THOMAS, Designee for Reasonable Accommodations (in her official
and personal capacities); TERESA MEADOWS, Treatment Team
Leader at Cleveland IRA (in her official and personal capacities);
DAWN WILSON, Deputy Director of State Operations (in her official
and personal capacities); SHERMAKE TANNIS, Regional Director of
Human Resources (in his official and personal capacities); SHAUNA
CARTER, Associate Director of Human Resources (in her official and
personal capacities); and CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO.

Defendants.

-----------------------------------------------------------------------------x

Suzette De Souza, individually and on behalf of all others similarly situated, by and

through her attorneys, Harwood Law PLLC, for her Class Action Complaint alleges, on

knowledge as to her own actions, and otherwise upon information and belief:

PRELIMINARY STATEMENT

1.      The State of New York, through its Office for People with Developmental

Disabilities ("OPWDD"), violated federal laws protecting religious freedom, when it refused to

accommodate the reasonable requests of its employee, Suzette De Souza, to adjust her work

schedule so that she would not have to work on the sabbath, and then fired her for being absent

from work on the sabbath, and in retaliation for pursuing her rights.

2.      As a Seventh Day Adventist, Ms. De Souza holds the sincere religious belief that

she must not engage in secular work and other secular activities from sunset on Fridays until

sunset on Saturdays so that she may focus her activities on religious worship.

3.      OPWDD, and the employees of OPWDD named as individual defendants, acting under color of state law, interfered with Ms. De Souza's right to free exercise of religion under the First and Fourteenth Amendments to the United States Constitution.  These actions violated Ms. De Souza's rights under 42 U.S.C. § 1983.  The actions of OPWDD and of its employees, also denied Ms. De Souza's rights to religious accommodation, and discriminated against her on the basis of religion, and constitute retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Laws of New York State and New York City.

4.      OPWDD attempted to justify its actions based on a collective bargaining agreement with defendant Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO ("CSEA").  OPWDD claimed the collective bargaining agreement barred it from allowing Ms. De Souza to swap shifts with other employees who voluntarily agree to work on the sabbath.

5.       OPWDD claimed that it sought a waiver of the collective bargaining agreement from defendant CSEA, but that CSEA refused to grant the waiver.

6.      If CSEA refused to grant a waiver, as OPWDD claimed, then defendant CSEA denied Ms. De Souza's rights to religious freedom and accommodation in violation of Title VII of the Civil Rights Act of 1964, and the Human Rights Laws of New York State and New York City.

7.      OPWDD's claim that its policies on sabbath observance are governed by a collective bargaining agreement, indicates there is a widespread policy and practice within OPWDD, of denying sabbath observers their rights to practice their religion.

8.      OPWDD has over 20,000 employees.

9.      With such a large number of employees, there are undoubtedly many employees of OPWDD, in addition to Ms. De Souza, who strictly observe the sabbath.  That includes not only other Seventh Day Adventists, but also many followers of other Christian religions and Judaism.

10.     Ms. De Souza brings this action as a class action to correct the widespread injustice throughout OPWDD's workforce, arising from OPWDD's policy and practice of prohibiting its employees from practicing their sincerely held religious belief of strict sabbath observance.

11.     Class action status is appropriate because, on information and belief, there are many other employees, who have been denied their right to observe the sabbath, and have been disciplined for observing the sabbath, and many prospective employees have been denied employment with OPWDD because of their sabbath observance.

12.     Through this lawsuit, Ms. De Souza seeks to halt the illegal practice of religious intolerance and retaliation that OPWDD and CSEA have pursued against sabbath observers.  Ms. De Souza seeks a class-wide judgment declaring those practices unconstitutional and a violation of federal law.  Ms. De Souza also seeks a class-wide injunction barring defendants from continuing their illegal practices against sabbath observers, and directing defendants to implement all necessary measures to ensure this practice ceases.

13.     Ms. De Souza also seeks the following individual relief:  (a) reinstatement as an employee of OPWDD; (b) compensatory and punitive damages, including damages for pain, suffering, and emotional distress; (c) back pay and front pay; (d) attorneys' fees, costs and expenses; and (e) other appropriate relief as the interests of justice may require.

JURISDICTION

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,

28 U.S.C. § 1343(a)(3) and (4) and 42 U.S.C. § 2000e-5(f)(3).

15.     Ms. De Souza's claims for declaratory and injunctive relief are authorized by 28

U.S.C. §§ 2201 and 2201; Rule 57 of the Federal Rules of Civil Procedure; the doctrine of *Ex*

*Parte Young,* 209 U.S. 123 (1908); and the Court's inherent equitable authority.

16.     This Court has supplemental jurisdiction over plaintiff's state and city law claims

pursuant to 28 U.S.C. § 1367.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.     On January 8, 2024, Ms. De Souza filed a complaint against OPWDD with the

New York State Division of Human Rights ("NYSDHR").

18.     OPWDD filed its response to the complaint with the NYSDHR on March 29,

2024.

19.     On April 8, 2024, Ms. De Souza filed with the NYSDHR a rebuttal to OPWDD's

response to the complaint.

20.     As of the date of this filing with the Court, the NYSDHR has not taken any action

with respect to the complaint.

21.     Ms. De Souza filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") on August 5, 2024, against defendants OPWDD and CSEA.

The charge alleged that:  (a) OPWDD and CSEA discriminated against her based on her religion

as a Seventh Day Adventist, when they denied her a reasonable accommodation for her

observance of the sabbath, and later when OPWDD fired her for being absent from work on the

sabbath; (b) OPWDD retaliated against her by putting her on administrative leave and then firing

4

her after she filed a complaint with the NYSDHR about the refusal to accommodate her sabbath observance.

22.     Ms. De Souza filed her charge of discrimination with the EEOC within 300 days of the date on which defendant first took discriminatory action against her.

23.     On November 18, 2024, counsel for Ms. De Souza received by email from the EEOC a notice of right to sue within 90 days relating to the EEOC charge against OPWDD, et al.

24.     Ms. De Souza commenced this action against OPWDD within 90 days of receiving the notice of right to sue relating to OPWDD.

25.     On December 31, 2024, counsel for Ms. De Souza received by email an electronic notification that the EEOC had posted a new document to the public portal related to the charge against CSEA.  Counsel checked the portal and found that the newest document posted was a notice of right to sue within 90 days relating to the EEOC charge against OPWDD.

26.     Ms. De Souza commenced this action against CSEA within ninety days of receiving the notice of right to sue relating to CSEA.

## VENUE

27.     Venue is proper in this district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), in that a substantial part of the events or omissions giving rise to the claims occurred in this district, unlawful employment practices were committed in this district and defendant CSEA resides in this district.

## PARTIES

28.     Plaintiff Suzette De Souza is an individual who resides in Brooklyn, New York.

29.     Ms. De Souza worked for defendant OPWDD as a Direct Support Assistant, at the Cleveland Individualized Residential Alternative (IRA), in Brooklyn, NY, from August 24, 2023 until May 23, 2024, when OPWDD terminated her employment.

30.    Ms. De Souza is a Seventh Day Adventist.  As a Seventh Day Adventist, she holds the sincere religious belief that during the sabbath, which members of her faith observe from sunset on Friday until sunset on Saturday, she must not engage in secular work and other secular activities, so that she may focus her activities on religious worship.

31.    Defendant State of New York (the "State") maintains and operates defendant OPWDD.  The State is authorized by law to maintain and operate OPWDD, which acts as its agent and for which it is ultimately responsible.  The State assumes the risks incidental to the maintenance and operation of OPWDD.

32.    Defendant OPWDD is a New York State agency with multiple offices and facilities throughout the State of New York.  It has an office within the Southern District of New York at 25 Beaver Street, New York, NY, and has multiple facilities in New York, the Bronx and other counties within the Southern District of New York, including regional offices, assessment agencies and residential care centers.

33.    OPWDD is responsible for coordinating services for New Yorkers with developmental disabilities, including intellectual disabilities, cerebral palsy, Down syndrome, autism spectrum disorders, Prader-Willi syndrome and other neurological impairments.  It provides services directly and through a network of private, nonprofit agencies.

34.    OPWDD has over 20,000 employees in New York State.

35.    Defendant Willow Baer is Acting Commissioner of OPWDD.  She is sued in her official capacity.

36.    In her capacity as Acting Commissioner of OPWDD, defendant Baer has final decision-making authority for OPWDD and bears ultimate responsibility to oversee, authorize, and manage OPWDD employment policies, practices, and customs.

37.     Defendant Stephanie Thomas was, during the events relevant to this action, OPWDD's Designee for Reasonable Accommodations.  She is sued in her official and personal capacities.

38.     Defendant Teresa Meadows was, during the events relevant to this action, OPWDD's Treatment Team Leader at Cleveland House, the location where Ms. De Souza worked.  Ms. Meadows is sued in her official and personal capacities.

39.     Defendant Dawn Wilson was, during the events relevant to this action, OPWDD's Deputy Director of State Operations.  She is sued in her official and personal capacities.

40.     Defendant Shermake Tannis was, during the events relevant to this action, Regional Director of Human Resources for OPWDD.  He is sued in his official and personal capacities.

41.     Defendant Shauna Carter was, during the events relevant to this action, Associate Director of Human Resources for OPWDD.  She is sued in her official and personal capacities.

42.     References in this Complaint to "the OPWDD Officials" refers to defendants Baer, Thomas, Meadows, Wilson, Tannis and Carter.

43.     Defendant CSEA is a labor union serving State, County and Municipal employees throughout New York State.  It is the largest affiliate union of the American Federation of State, County and Municipal Employees, which in turn is one of the largest affiliate unions of the AFL-CIO.  Its members work in multiple New York State agencies and facilities, including OPWDD.

44.     CSEA has a collective bargaining agreement with the Executive Branch of the State of New York (the "Institutional Services Unit Agreement"), under which it is the exclusive representative for collective negotiations with respect to  salaries, wages, hours and other terms

and conditions of employment of employees serving with the Institutional Services Unit of New York State.

45.    The Institutional Services Unit Agreement governed the terms and conditions of Ms. De Souza's employment with OPWDD.

46.    Ms. De Souza, who worked for OPWDD in Brooklyn, NY, was within the jurisdiction of Metropolitan Region 2, of CSEA.  The principal office of Metropolitan Region 2 is located within the Southern District of New York at 125 Maiden Lane, 5th Floor, New York, NY 10038.

FACTS

47.    OPWDD hired Ms. De Souza on August 24, 2023, as a direct support assistant for people with developmental disabilities.  She was assigned to OPWDD's Cleveland House location at 1038 Cleveland Street, Brooklyn, NY.

48.    During her job interview, Ms. De Souza informed OPWDD that she is a sabbath observer.  The interviewer told her she could work out any scheduling accommodations with the house where she would be assigned.

49.    Strict observance of the sabbath is a core religious belief of the Seventh Day Adventist Church.  As a Seventh Day Adventist, Ms. De Souza observes the sabbath from sunset on Friday to sunset on Saturday every week.  During sabbath observation, her religious beliefs require that she devote herself to religious observation and prevent her from engaging in secular work and other secular activities.

50.    After receiving the job offer from OPWDD, Ms. De Souza met with a human resources representative and an officer of CSEA to choose her work location. At that meeting,

she inquired about having the sabbath off from work. The union officer said it was an HR issue and she was "not going to court again."

51.     When Ms. De Souza started work for OPWDD, her schedule was Wednesday through Sunday, from 7:30 a.m. through 4 p.m.  This presented a problem for her sabbath observance, because she was scheduled to work Saturday.  Work on this schedule on Friday was not a problem, because she completed her working day by 4 p.m., which was before sundown.

52.     On September 18, 2023, shortly after beginning her employment, Ms. De Souza made a formal, written request for religious accommodation of her sabbath observance (the "September 18 request.").  The request included a letter from her Pastor, at the Mt. Pisgah Seventh-Day Adventist Church.  The Pastor's letter stated that Ms. De Souza is a member of his church, and that, "Because of her religious beliefs, request is being made that she be exempted from work during sabbath hours (sunset Friday to sunset Saturday)."

53.     Prior to Ms. De Souza's request for a religious accommodation, and for two weeks afterward, OPWDD did not schedule her to work during the sabbath.

54.     Defendant Stephanie Thomas, OPWDD's Designee for Reasonable Accommodations, processed Ms. De Souza's September 18 request.  In a written response dated September 22, 2023, Ms. Thomas notified Ms. De Souza that her request was under review.

55.     Ms. Thomas communicated about the September 18 request with Defendant Teresa Meadows, the Individual Residential Alternatives Treatment Team Leader at Cleveland House.

56.     Ms. Meadows forwarded the September 18 request to her supervisor, Defendant Coreen Payne, who was a Developmental Disabilities Program Specialist 4.  Ms. Payne notified

defendant Dawn Wilson about the September 18 request. Ms. Wilson was Deputy Director of State Operations.

57. Ms. Wilson discussed the September 18 request with defendant Shermarke Tannis, who was Regional Director of Human Resources. Mr. Shermake told Ms. Wilson that granting the September 18 request would violate the collective bargaining agreement with CSEA in two ways. First, he said it would violate the seniority system governing the assignment of pass days. Second, he said it would violate the requirement that OPWDD post vacancies.

58. The collective bargaining agreement provides for exceptions to the assignment of shifts on the basis of seniority. Section 44.2 states that "assignment of employees to work locations and shifts shall be made on the basis of seniority, subject to the operating needs of a department or agency or component thereof, or subject to an identification of differences between employees with respect to relevant factors concerning the employee's ability to perform the required duties and responsibilities satisfactorily.

59. These provisions of Section 44.2 of the collective bargaining agreement give OPWDD authority to accommodate Ms. De Souza's religious sabbath observance in two ways. First, it could treat her request to accommodate her sabbath observance as necessary for OPWDD's "operating needs." Second, it could treat her request to accommodate her sabbath observance as a factor affecting "the employee's ability to perform the required duties and responsibilities satisfactorily."

60. The collective bargaining agreement also provides for the same two exceptions to the posting of vacancies. Article 45 governs the posting and bidding for Job Vacancies. Sections 45.1(b) and 45.2(c) state that such vacancies shall be filled on the basis of seniority, "subject to the operating needs of a department or agency or component thereof, or subject to an

identification of differences between employees with respect to relevant factors concerning the employees' ability to perform the required duties and responsibilities satisfactorily."

61.    Under sections 45.1(b) and 45.2(c) of the collective bargaining agreement, OPWDD could have accommodated Ms. De Souza's religious sabbath observance as necessary for "operating needs," or as a factor affecting Ms. De Souza's "ability to perform."

62.    On October 3, 2023, defendant Wilson contacted defendant CSEA to seek a waiver of the collective bargaining agreement so that OPWDD could offer an accommodation outside the seniority based bidding process.  In the email to CSEA, Ms. Wilson does not mention that the employee is seeking a religious accommodation, nor explain that it is only from sundown of Fridays to sundown on Saturdays.

63.    According to OPWDD's submission to the Human Rights Division, an unidentified person in Human Resources told Ms. Wilson that CSEA would not waive the seniority provisions.

64.    The steps OPWDD took to seek a waiver with from the CSEA are inadequate under New York State's official "Procedures for Implementing Reasonable Accommodation of Religious Observance or Practices for Applicants and Employees."  Those procedures state:

> While the employer is not obliged to initiate adversarial proceedings against a union when the seniority provisions of a collective bargaining agreement limit its ability to accommodate any employee's religious observance or practice, the employer is required to take reasonable steps short of labor litigation to demonstrate that it has made a good faith attempt at accommodating the employee. For example, the employer may satisfy its duty by seeking volunteers willing to waive their seniority rights in order to accommodate their colleague's religious observance or practice. This waiver must be sought from the union that represents the employees covered by such agreement and not from the individual employees. An employer cannot simply rely upon the seniority provisions of a collective bargaining agreement to deny an accommodation request. The union must be engaged.

65.     OPWDD did not seek volunteers willing to waive their seniority rights to accommodate Ms. De Souza's sabbath observance.

66.     On October 10, 2023, Ms. Thomas emailed Associate Director of Human Resources, Shauna Carter, to see if there were vacancies Ms. De Souza was qualified for that she could potentially transfer to or if she was on any Civil Service lists.

67.     On October 10, 2023, Ms. Carter informed Ms. Thomas that Ms. De Souza was not on any Civil Service lists and was ineligible to transfer into another title.

68.     On October 18, 2023, defendant Thomas notified Ms. De Souza that OPWDD denied Ms. De Souza's request for religious accommodation.  In that notification, OPWDD claimed it "would require a change of pass days, which would violate the CSEA Collective Bargaining Agreement's seniority provisions and the provisions on posting and bidding for assignments."  OPWDD claimed it was "unable to waive the provisions of the collective bargaining agreement."

69.     After receiving the formal denial of her request for an accommodation, Ms. De Souza arranged voluntary shift swaps with co-workers when she was assigned to work on the sabbath.  Between August 24, 2023, and March 20, 2024, she successfully arranged four Saturday shift swaps with willing co-workers.

70.     Ms. De Souza's immediate supervisor approved these voluntary shift swaps until approximately November 17, 2023, when the supervisor informed her that the Team Leader and Manager, defendant Meadows, would no longer authorize such arrangements.

71.     According to OPWDD's submissions to the NYSDHR, employees are permitted to make work adjustments when approved by a supervisor.  Nevertheless, after approximately

November 17, 2023, OPWDD categorically refused to approve any shift adjustments to accommodate Ms. De Souza's religious observance.

72.    When Ms. De Souza asked her Team Leader, defendant Meadows, why OPWDD would no longer accommodate her religious observance, Ms. Meadows provided no legitimate reason.  Instead, Ms. Meadows sarcastically suggested that Ms. De Souza find another job that would give her weekends off.  When Ms. De Souza clarified she only needed the Sabbath off, not the entire weekend, the Ms. Meadows responded that Ms. De Souza "needs to choose because [she] cannot serve two masters as the Bible states."

73.    When Ms. De Souza presented the Equal Employment Opportunity handbook to Ms. Meadows and asked if it applied to her situation, Ms. Meadows dismissively responded, "well I am not authorizing it."

74.    After November 18, 2023, having been denied both formal accommodation and informal shift swaps, Ms. De Souza was forced to either use vacation days or call out of work to observe her Sabbath. The only occasions on which she called out of work were for Sabbath observance.

75.    On December 3, 2023, Ms. De Souza submitted a second formal written request for religious accommodation.

76.    On or about December 5, 2023, Ms. De Souza told defendant Thomas that one of her co-workers agreed to a shift adjustment.  The co-worker agreed to take Ms. De Souza's Saturday shift, which was for the hours of 7:30 a.m. to 4 p.m., and Ms. De Souza agreed to take the co-workers shift on Sunday, which was for the hours of 3:45 p.m. to 12:15 a.m.  Ms. De Souza also told Ms. Thomas that there was a shift opening up with Friday and Saturday pass

days.  Ms. De Souza proposed both of these as solutions that would accommodate her religious practice of observing the sabbath on Saturday.

77.     Ms. Thomas then contacted defendant Meadows about Ms. De Souza's December 5 request.  Ms. Meadows responded that the requests required CSEA's waiver, which she could not obtain.

78.     On December 19, 2023, Ms. Thomas asked defendant Carter if Ms. De Souza could transfer to any vacancies that met her qualifications with a Saturday pass.  Ms. Carter responded that Ms. De Souza was ineligible to transfer.

79.     OPWDD denied the second formal request for an accommodation on January 4, 2024, again citing the collective bargaining agreement with CSEA as the basis for denial.

80.     OPWDD claims it sought waivers from CSEA regarding the seniority and pass bidding rules before denying both of Ms. De Souza's accommodation requests, and that CSEA refused to grant such waivers. However, upon information and belief, neither OPWDD nor CSEA made good faith efforts to explore or implement reasonable accommodations that would not have violated the collective bargaining agreement.

81.     OPWDD's purported efforts to accommodate Plaintiff were perfunctory and demonstrated a fundamental failure to engage in good faith.  For example, on October 3, 2023, in seeking a union waiver for Plaintiff's accommodation request, OPWDD's representative Ms. Wilson stated in an email to union representative Ms. Wilkie-Fields "I don't know reason" for the accommodation request, despite this being a formal religious accommodation request filed weeks earlier.

82.     On January 8, 2024, Ms. De Souza filed a formal charge of discrimination with the NYSDHR.  OPWDD submitted its response to the charge on March 29, 2024, and Ms. De Souza filed her rebuttal on April 8, 2024.

83.     On May 16, 2024, just five weeks and three days after Ms. De Souza submitted her rebuttal to OPWDD's opposition, OPWDD placed her on administrative leave for one week and informed her that her employment would terminate effective May 23, 2024.

84.     The stated reason for Ms. De Souza's termination was "frequent call-outs." However, these "call-outs" were exclusively for the purpose of observing her sabbath after OPWDD refused to provide reasonable accommodation for her religious beliefs and practices.

85.     OPWDD terminated Ms. De Souza's employment because of her religious beliefs and observances, and in retaliation for seeking religious accommodation and filing a charge with the NYSDHR.

86.     As a direct and proximate result of Defendants' discriminatory and retaliatory actions, Ms. De Souza has suffered and continues to suffer injuries and damages, including but not limited to loss of past and future income, loss of benefits, emotional distress, damage to professional reputation, and loss of career opportunities..

## CLASS ACTION ALLEGATIONS

87.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, plaintiff seeks to represent a certified plaintiff class of all persons who have been or will be subjected to the practice and custom of OPWDD and CSEA of denying employees religious accommodations for sabbath observance and taking adverse actions against such employees, in violation of the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, Title VII

of the Civil Rights Act of 1964, New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

88.     The members of the class are so numerous as to render joinder impracticable:  as of the date of this filing, OPWDD has more than 20,000 employees, many of whom have religious beliefs that prohibit secular work on the sabbath.

89.     On information and belief, there are more than one hundred employees of OPWDD who are impacted by the practices of OPWDD and CSEA, who would be members of the class.

90.     On information and belief, many members of the class who would otherwise seek an accommodation for sabbath observance, have refrained from doing so out of fear of discrimination and retaliation.

91.     On information and belief, many class members who have been denied a religious accommodation by OPWDD and/ CSEA or who have not sought a religious accommodation do not bring individual claims for fear of discrimination and retaliation.

92.     The class members' claims share common questions of law and fact, including, but not limited to:

     a.  Whether OPWDD has engaged and is continuing to engage in a pattern or practice of denying reasonable accommodations for sabbath observers;

     b.  Whether OPWDD's collective bargaining agreement with CSEA is being improperly used as a blanket justification to deny religious accommodations without demonstrating undue hardship;

     c.  Whether OPWDD's practices regarding religious accommodation requests violate 42 U.S.C. 1983, Title VII, NYSHRL, and NYCHRL; and

     d.   Whether OPWDD has engaged in a pattern of retaliation against employees who request religious accommodations.

93.    The named plaintiff's claims are typical of those of the class.  Like other members of the class, the named plaintiff has suffered discrimination, and retaliation, for seeking religious accommodation, has had her requests for religious accommodation denied without demonstration of undue hardship, and has been subjected to adverse employment actions for practicing her religion.

94.    The legal theories under which Plaintiff seeks declaratory and injunctive relief are the same or similar to those on which all members of the class will rely, and the harms suffered by Plaintiff are typical of the harms suffered by the class members.

95.    Plaintiff has a strong personal interest in the outcome of this action, has no conflicts of interest with members of the plaintiff class, and will fairly and adequately protect the interests of the class.

96.    Plaintiff is represented by Anthony Harwood and Jesse Strauss of Harwood Law PLLC, who have extensive experience in employment discrimination and class action litigation.

97.    Plaintiff's attorneys have the resources, expertise, and experience to prosecute this action, and know of no conflicts among members of the class or between the attorneys and members of the class.

98.    The plaintiff class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because defendants acted on grounds generally applicable to the class, thereby making class-wide declaratory and injunctive relief appropriate.

COUNT I

Against the OPWDD Officials in their official capacities for
Declaratory and Injunctive Relief Pursuant to 42 U.S.C. § 1983 for Violations
of the First and Fourteenth Amendments to the United States Constitution

99.     Plaintiff repeats and incorporates all of the foregoing allegations.

100.    By requesting religious accommodations, Ms. De Souza was engaged in the free

exercise of religion, which is an activity protected under the First and Fourteenth Amendments to

the United States Constitution and federal law.

101.    Defendants' failure to accommodate Ms. De Souza's request for religious

accommodations, and their termination of her employment in retaliation for seeking religious

accommodations, and in retaliation for pursuing her rights to challenge the denial of religious

accommodations in the NYSDHR, violates federal law.

102.    The conduct of the OPWDD Officials violates the First and Fourteenth

Amendments to the United States Constitution.

103.    As a direct and proximate result of defendants' actions and omissions, the

constitutional rights of Ms. De Souza and other members of the class have been and are

continuing to be violated.

104.    By acting under color of state law to deprive Ms. De Souza and other class

members of their constitutional rights, the OPWDD Officials are in violation of 42 U.S.C.

§ 1983.

105.    The foregoing violations of the First and Fourteenth Amendments and of 42

U.S.C. § 1983 are continuing.

106.    The foregoing violations of the First and Fourteenth Amendments and of 42

U.S.C. § 1983 are continuing.

107.    Ms. De Souza and other members of the class have suffered and will continue to suffer serious and irreparable harm to their constitutional rights unless the OPWDD Officials in their official capacities are enjoined from discriminating against and retaliating against OPWDD employees who seek religious accommodations for sabbath observance.

108.    Ms. De Souza and other members of the class have suffered and will continue to suffer serious and irreparable harm to their constitutional rights unless the OPWDD Officials in their official capacities are enjoined from denying or failing to grant reasonable accommodations to OPWDD employees who have sincere religious beliefs or practices of observing the sabbath as a day on which no secular work is permitted.

<u>COUNT II</u>

Against the State of New York, OPWDD and CSEA
for Declaratory and Injunctive Relief Pursuant to
<u>Title VII of the Civil Rights Act of 1964</u>

109.    Ms. De Souza repeats and incorporates all of the foregoing allegations.

110.    Ms. De Souza and class members have sincerely held religious beliefs and practices concerning the sabbath.

111.    The State of New York, OPWDD and CSEA, acting through the OPWDD Officials and officials of the CSEA, have violated and continue to violate rights of Ms. De Souza and similarly situated employees of OPWDD that are protected by Title VII of the Civil Rights Act of 1964 by:

a.    Withholding and denying reasonable accommodations for employees to be free from secular work on the sabbath for religious reasons;

b.    Taking adverse employment actions against employees because of their religious beliefs or practices concerning the sabbath;

c.   Discriminating against employees because of their religious beliefs and practices concerning the sabbath; and

d.   Retaliating against employees because they request accommodations for the sabbath or pursue their rights to challenge denials of requests for accommodations for the sabbath.

112.   The foregoing violations of Title VII are continuing.

113.   Ms. De Souza and other members of the class have suffered and will continue to suffer serious and irreparable harm to their rights under Title VII unless the State of New York, OPWDD and CSEA are enjoined from violating Title VII's prohibition on employment practices that cause or allow to persist religious discrimination and retaliation, and are required to make reasonable accommodations for the sincere religious beliefs of sabbath observers.

<u>COUNT III</u>

Against Defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA
<u>for Declaratory and Injunctive Relief Pursuant to New York State Human Rights Law</u>

114.   Ms. De Souza repeats and incorporates all of the foregoing allegations.

115.   Ms. De Souza and class members have sincerely held religious beliefs and practices concerning the sabbath.

116.   Defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA, have violated and continue to violate rights of Ms. De Souza and similarly situated employees of OPWDD that are protected by the New York State Human Rights Law by:

a.   Withholding and denying reasonable accommodations for Ms. De Souza and similarly situated employees to be free from secular work on the sabbath for religious reasons;

b.  Taking adverse employment actions against Ms. De Souza and similarly situated employees because of their religious beliefs or practices concerning the sabbath;

c.  Discriminating against Ms. De Souza and similarly situated employees because of their religious beliefs and practices concerning the sabbath; and

d.  Retaliating against Ms. De Souza and members of the class because they: (i) exercised their right to practice their religion by not engaging in secular work on the sabbath; (ii) requested accommodations to adjust their schedules so they did not have to work on the sabbath; and (iii) opposed defendants' actions by pursuing claims with federal, state or local commissions on equal employment and/or human rights.

117.    The foregoing violations of New York State Human Rights Law are continuing.

118.    Ms. De Souza and other members of the class have suffered and will continue to suffer serious and irreparable harm to their rights under the New York State Human Rights Law unless defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA are enjoined from violating that law's prohibition on employment practices that cause or allow to persist religious discrimination and retaliation, and are required to make reasonable accommodations for the sincere religious beliefs of sabbath observers.

<u>COUNT IV</u>

Against Defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA
<u>for Declaratory and Injunctive Relief Pursuant to New York City Human Rights Law</u>

119.    Ms. De Souza repeats and incorporates all of the foregoing allegations.

120.    Ms. De Souza and class members have sincerely held religious beliefs and practices concerning the sabbath.

121. Defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA, have violated and continue to violate rights of Ms. De Souza and similarly situated employees of OPWDD that are protected by the New York City Human Rights Law by:

    a. Withholding and denying reasonable accommodations for Ms. De Souza and similarly situated employees to be free from secular work on the sabbath for religious reasons;

    b. Taking adverse employment actions against Ms. De Souza and similarly situated employees because of their religious beliefs or practices concerning the sabbath;

    c. Discriminating against Ms. De Souza and similarly situated employees because of their religious beliefs and practices concerning the sabbath; and

    d. Retaliating against Ms. De Souza and members of the class because they: (i) exercised their right to practice their religion by not engaging in secular work on the sabbath; (ii) requested accommodations to adjust their schedules so they did not have to work on the sabbath; and (iii) opposed defendants' actions by pursuing claims with federal, state or local commissions on equal employment and/or human rights.

122. The foregoing violations of New York City Human Rights Law are continuing.

123. Ms. De Souza and other members of the class have suffered and will continue to suffer serious and irreparable harm to their rights under the New York City Human Rights Law unless defendants Thomas, Meadows, Wilson, Tannis and Carter and CSEA are enjoined from violating that law's prohibition on employment practices that cause or allow to persist religious discrimination and retaliation, and are required to make reasonable accommodations for the sincere religious beliefs of sabbath observers.

COUNT V

Against Defendants Thomas, Meadows, Wilson, Tannis and Carter
in their Individual Capacities for Damages Pursuant to 42 U.S.C. § 1983 for
Violations of the First and Fourteenth Amendments to the United States Constitution

124.    Ms. De Souza repeats and incorporates all of the foregoing allegations.

125.    Defendants Thomas, Meadows, Wilson, Tannis and Carter, acting in their

individual capacities, have violated the rights of Ms. De Souza and other members of the class

that are protected by the First and Fourteenth Amendments of the United States Constitution, by:

a.   Withholding and denying reasonable accommodations for Ms. De Souza and

similarly situated employees to be free from secular work on the sabbath for

religious reasons;

b.   Taking adverse employment actions against Ms. De Souza and similarly situated

employees because of their religious beliefs or practices concerning the sabbath;

c.   Discriminating against Ms. De Souza and similarly situated employees because of

their religious beliefs and practices concerning the sabbath; and

d.   Retaliating against Ms. De Souza and members of the class because they: (i)

exercised their right to practice their religion by not engaging in secular work on

the sabbath; (ii) requested accommodations to adjust their schedules so they did

not have to work on the sabbath; and (iii) opposed defendants' actions by

pursuing claims with federal, state or local commissions on equal employment

and/or human rights.

126.    As a direct and proximate result of the acts and omissions of defendants Thomas,

Meadows, Wilson, Tannis and Carter, Ms. De Souza and members of the class have suffered

violations of their constitutional right to free exercise of religion.

23

127.    By acting under color of state law to deprive Ms. De Souza and other class members of their constitutional rights, defendants Thomas, Meadows, Wilson, Tannis and Carter have violated 42 U.S.C. § 1983.

128.    As a direct and proximate result of the acts and omissions of defendants Thomas, Meadows, Wilson, Tannis and Carter, Ms. De Souza and members of the class suffered, and continue to suffer, injuries and damages, including but not limited to loss of past and future income; loss of benefits; emotional distress; damage to professional reputation; and loss of career opportunities.

129.    The unlawful conduct of these defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that an award of punitive damages would be proper.

<u>COUNT VI</u>

Against the State of New York, OPWDD and CSEA
<u>for Damages Pursuant to Title VII of the Civil Rights Act of 1964</u>

130.    Ms. De Souza repeats and incorporates all of the foregoing allegations.

131.    The State of New York and OPWDD, acting through the OPWDD Officials, and the CSEA, acting through its officials, have violated rights of Ms. De Souza and members of the class that are protected by Title VII of the Civil Rights Act of 1964, by:

   a.  Withholding and denying reasonable accommodations that would allow Ms. De Souza and members of the class to observe the sabbath consistent with their sincere religious beliefs;

   b.  Taking adverse employment actions against Ms. De Souza and members of the class because of their religious beliefs and practices for observing the sabbath;

   c.  Discriminating against Ms. De Souza and members of the class because of their religious beliefs and practices concerning the sabbath; and

    d.   Retaliating against Ms. De Souza and members of the class because they: (i) exercised their right to practice their religion by not engaging in secular work on the sabbath; (ii) requested accommodations to adjust their schedules so they did not have to work on the sabbath; and (iii) opposed defendants' actions by pursuing claims with federal, state or local commissions on equal employment and/or human rights.

132.    As a direct and proximate result, Ms. De Souza and members of the class suffered injuries and damages and continue to suffer injuries and damages, including but not limited to loss of past and future income; loss of benefits; emotional distress; damage to professional reputation; and loss of career opportunities.

133.    The unlawful conduct of these defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that an award of punitive damages would be proper.

## COUNT VII

Against Defendants Thomas, Meadows, Wilson, Tannis,
Carter and CSEA for Damages for Violations of New York State Human Rights Law

134.    Ms. De Souza repeats and incorporates all of the foregoing allegations.

135.    Defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA have violated rights of Ms. De Souza and members of the class that are protected by New York State Human Rights Law by:

    a.   Withholding and denying reasonable accommodations that would allow Ms. De Souza and members of the class to observe the sabbath consistent with their sincere religious beliefs;

    b.   Taking adverse employment actions against Ms. De Souza and members of the class because of their religious beliefs and practices for observing the sabbath;

c.  Discriminating against Ms. De Souza and members of the class because of their religious beliefs and practices concerning the sabbath; and

d.  Retaliating against Ms. De Souza and members of the class because they: (i) exercised their right to practice their religion by not engaging in secular work on the sabbath; (ii) requested accommodations to adjust their schedules so they did not have to work on the sabbath; and (iii) opposed defendants' actions by pursuing claims with federal, state or local commissions on equal employment and/or human rights.

136.    As a direct and proximate result, Ms. De Souza and members of the class suffered injuries and damages and continue to suffer, injuries and damages, including but not limited to loss of past and future income; loss of benefits; emotional distress; damage to professional reputation; and loss of career opportunities.

137. The unlawful conduct of these defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that an award of punitive damages would be proper.

<u>COUNT VIII</u>

Against Defendants Thomas, Meadows, Wilson, Tannis,
<u>Carter and CSEA for Damages for Violations of New York City Human Rights Law</u>

138.    Ms. De Souza repeats and incorporates all of the foregoing allegations.

139.    Defendants Thomas, Meadows, Wilson, Tannis, Carter and CSEA have violated rights of Ms. De Souza and members of the class that are protected by New York City Human Rights Law by:

a.  Withholding and denying reasonable accommodations that would allow Ms. De Souza and members of the class to observe the sabbath consistent with their sincere religious beliefs;

b.  Taking adverse employment actions against Ms. De Souza and members of the class because of their religious beliefs and practices for observing the sabbath;

c.  Discriminating against Ms. De Souza and members of the class because of their religious beliefs and practices concerning the sabbath; and

d.  Retaliating against Ms. De Souza and members of the class because they: (i) exercised their right to practice their religion by not engaging in secular work on the sabbath; (ii) requested accommodations to adjust their schedules so they did not have to work on the sabbath; and (iii) opposed defendants' actions by pursuing claims with federal, state or local commissions on equal employment and/or human rights.

140.    As a direct and proximate result, Ms. De Souza and members of the class suffered injuries and damages and continue to suffer, injuries and damages, including but not limited to loss of past and future income; loss of benefits; emotional distress; damage to professional reputation; and loss of career opportunities.

141.    The unlawful conduct of these defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that an award of punitive damages would be proper.

<u>JURY DEMAND</u>

142. Plaintiff Suzette De Souza demands a jury trial on each and every claim to which she is legally entitled to a jury.

**WHEREFORE**, Ms. De Souza, on behalf of herself and other members of the class she seeks to represent, respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

27

a.  Certify this action as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure in the manner described above, with Suzette De Souza as class representative;

b.  Issue a class-wide declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, Title VII, NYSHRL, and NYCHRL;

c.  Issue class-wide injunction enjoining defendants from discriminating against, harassing, retaliating against, and taking adverse employment actions against OPWDD employees because of their sincerely held religious beliefs and or practices of sabbath observance, and enjoining defendants from denying and/or failing to grant reasonable accommodations for sabbath observance;

d.  Award back pay, front pay, and lost benefits;

e.  Award compensatory damages for emotional distress;

f.  Award damages for injury to professional reputation and loss of career opportunities.

g.  Award punitive damages;

h.  Reinstate Ms. De Souza and members of the class to their former positions at OPWDD;

i.  Award reasonable attorneys' fees, expert fees and costs; and

j.  Grant such other relief as this Court deems just, equitable and proper.

Dated: New York, New York
       February 11, 2025

                         Respectfully submitted,

                         HARWOOD LAW PLLC
                         By: /s/ Anthony Harwood
                         Anthony Harwood
                         Jesse Strauss
                         *Attorneys for Plaintiff*
                         260 Madison Avenue, 16th Floor
                         New York, New York 10016
                         Tel.: 212-867-6820
                         Fax: 212-937-3167