UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUZETTE DE SOUZA, individually and on behalf of all
others similarly situated,

<table>
<tr><td>Plaintiff,</td><td>Civil Action No.<br>1:25-CV-1222 (RA)</td></tr>
</table>

-against-

THE STATE OF NEW YORK; NEW YORK STATE
OFFICE FOR PEOPLE WITH DEVELOPMENTAL
DISABILITIES; et al.,

Defendants.

---

## *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CSEA'S MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT*

---

**DAREN J. RYLEWICZ**
**Leslie C. Perrin, of Counsel**
**Attorney for Defendant CSEA**
**Civil Service Employees Association, Inc.**
**Box 7125, Capitol Station**
**143 Washington Avenue**
**Albany, New York 12224**
**(518) 257-1443**
**leslie.perrin@cseainc.org**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................i

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF ALLEGED FACTS............................................................................................2

STANDARD OF REVIEW................................................................................................................4

ARGUMENT

POINT I

       THE AMENDED COMPLAINT FAILS TO PLEAD A
       PLAUSIBLE CLAIM FOR RELIEF................................................................................6

          A.     Plaintiff's Title VII Allegations..............................................................7
          B.     Plaintiff's NYSHRL and NYCHRL Allegations....................................10

POINT II

       THE COURT SHOULD STRIKE PLAINTIFF'S
       CLASS-ACTION-RELATED ALLEGATIONS ..............................................................12

CONCLUSION..................................................................................................................................15

CERTIFICATE OF COMPLIANCE..............................................................................................16

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)..................................................................................4,7,9

*Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635 (2d Cir. 2005)................................5

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)..................................................................4,8

*Chambers v. Time Warner, Inc.,* 282 F.3d 147 (2d Cir. 2002).......................................................4

*Cohen v. Rosicki, Rosicki & Assocs., P.C.,* 897 F.3d 75 (2d Cir. 2018) .......................................2

*Cortec Indus. v. Sum Holding, L.P.,* 949 F.2d 42 (2d Cir. 1991) ..................................................4

*Cosme v. Henderson,* 287 F.3d 152 (2d Cir. 2002) ......................................................................7

*Deen v. New Sch. Univ.,* No. 05–cv-7174, 2008 WL 331366,
    at *1 (S.D.N.Y. Feb. 4, 2008)..................................................................................................5

*Dillon v. Ned Management, Inc.,* 85 F. Supp. 3d 639 (E.D.N.Y. 2015)........................................10

*Erasmus v. Deutsche Bank Americas Holding Corp.,* 2015 WL 7736554,
    at *4 (S.D.N.Y. 2015).............................................................................................................10

*Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, n. 13 (1982) ........................................................13

*J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107 (2d Cir. 2004) ..............................................5

*Kent v. Papert Companies, Inc.,* 309 A.D.2d 234 (1st Dept. 2003) .............................................10

*Luckett v. Bure,* 290 F.3d 493 (2d Cir. 2002)...............................................................................5

*Makarova v. United States,* 201 F.3d 110 (2d Cir. 2000)..............................................................5

*Mines v. City of New York,* No. 11-CV-7886, 2013 WL 5904067 (S.D.N.Y. Nov. 4, 2013).........9

*Morgan v. NYS Atty. Gen's Office,* 2013 WL 491525, at *13 (S.D.N.Y. Feb. 8, 2013) ................11

*Pan i v. Empire Blue Cross Blue Shield,* 152 F.3d 67 (2d Cir. 1998) ..........................................4

*PFT of Am., Inc. v. Tradewell, Inc.,* 98-CV-6413, 1999 WL 179358,
    at **1-2 (S.D.N.Y. Mar. 31, 1999) ................................................................. 11

*Rojas v. Roman Catholic Diocese of Rochester,* 660 F.3d 98 (2d Cir. 2011) ................................. 10

*Sides v. NYS Div. of State Police,* No. 03-CV-153, 2005 WL 1523557, at *5
    (N.D.N.Y. June 28, 2005) ......................................................................... 9

*Sowemimo v. D.A.O.R. Sec., Inc.,* 43 F. Supp. 2d 477 (S.D.N.Y. 1999) ......................................... 10

*Taylor v. Zucker,* 14-CV-05317, 2015 WL 4560739, at 12 (S.D.N.Y. July 27, 2015) ................... 14

*Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63 (1977) .......................................................... 7

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, S. Ct. 2541, 2550, 180 L. Ed. 2d 374 (2011) ....... 5,12,13

*Williams v. New York City Housing Auth.,* 61 A.D.3d 62 (1st Dept. 2009) ..................................... 10

*Yerry v. Pizza Hut of Southeast Kansas,* 186 F. Supp. 2d 178 (N.D.N.Y 2002) .............................. 10

## Other Authorities

42 U.S.C. § 2000e-2(d) ................................................................................. 2
42 U.S.C. § 2000e-2(h) ................................................................................. 7

Fed. R. Civ. Pro. 12 ..................................................................................... 1
Fed. R. Civ. Pro. 12(b)(1) ............................................................................. 1,4
Fed. R. Civ. Pro. 12(b)(6) ............................................................................. 1,4
Fed. R. Civ. Pro. 12(f) ................................................................................. 1,12
Fed. R. Civ. Pro. 23 ..................................................................................... 5,12
Fed. R. Civ. Pro. 23(a) ................................................................................. 5,12,13
Fed. R. Civ. Pro. 23(a)(1) ............................................................................. 12,14
Fed. R. Civ. Pro. 23(a)(2) ............................................................................. 13,14
Fed. R. Civ. Pro. 23(a)(3) ............................................................................. 13,14
Fed. R. Civ. Pro. 23(b)(2) ............................................................................. 5,12,14

New York State Human Rights Law ............................................................... 1,2,9,10
New York City Human Rights Law ................................................................ 1,2,9,10
New York State Civil Service Law Article 14 .................................................. 2
New York State Civil Service Law §§ 201(5), 204 ............................................ 2

N.Y. Exec. L. § 292(3) .................................................................................................2
N.Y. Exec. L. § 296(6) ...............................................................................................10
N.Y.C. Admin. Code § 8-102 ......................................................................................2
N.Y.C. Admin. Code § 8-107(6) .................................................................................10

Title VII of the Civil Rights Act of 1964 ...........................................................1,2,7,10

## PRELIMINARY STATEMENT

Defendant Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO ("CSEA"), moves to dismiss the Amended Complaint ("AC") pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6) on the grounds that: (1) the AC fails to plead a plausible claim upon which relief may be granted; and, (2) this Court lacks jurisdiction over Plaintiff's State and City law claims in the absence of a valid Federal claim. Additionally, Defendant CSEA seeks to strike the class-action-related allegations pursuant to Fed. R. Civ. Pro. 12(f).

As against Defendant CSEA, Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Specifically, Plaintiff alleges that she was discriminated and retaliated against in relation to her religion when CSEA declined to waive the bona fide, neutral, collectively negotiated seniority system applicable to the selection of shifts and days off for all CSEA-represented employees of the New York State Office for People with Developmental Disabilities ("OPWDD") at Brooklyn Developmental Disabilities Services Office ("Brooklyn DDSO"). (Perrin Declaration ["Decl."], Ex. A, AC, ECF 59, ¶¶ 6, 12.) The AC fails to plead a plausible claim for relief under either Federal, State, or City law.

Further, Plaintiff's class allegations are insufficient to satisfy Fed. R. Civ. Pro. 12. The allegations are conclusory and unsupported. No CSEA-represented employee of Brooklyn DDSO or, more broadly, of OPWDD, is identified in the AC, which merely states "on information and belief" that there are "many other" employees, or prospective employees, who have been deprived of religious freedom. (*See* ECF 59, ¶¶ 7-12, 1116-131.)

# STATEMENT OF ALLEGED FACTS[1]

CSEA is an employee organization and the exclusive bargaining representative of numerous employees of OPWDD at Brooklyn DDSO for the purposes of negotiating collectively the terms and conditions of employment of those employees, including Plaintiff, who was employed by OPWDD at Brooklyn DDSO as a Direct Support Assistant ("DSA"), and in the administration of grievances arising under collectively negotiated agreements, in accordance with Article 14 of the New York State Civil Service Law, the Public Employees Fair Employment Act (commonly known as "The Taylor Law"). N.Y. Civ. Serv. L. §§ 201(5), 204. (Perrin Decl., ¶ 5; ECF 59, ¶ 47.) CSEA is also a labor organization as that term is defined in Title VII, the NYSHRL, and the NYCHRL. 42 U.S.C. § 2000e-2(d); N.Y. Exec. L. § 292(3); N.Y.C. Admin. Code § 8-102. (Perrin Decl., ¶¶ 6-8; ECF 59, ¶ 47.)

Plaintiff was hired by OPWDD in August of 2023 to work as a DSA for Brooklyn DDSO. (ECF 59, ¶¶ 31, 51.) Once hired, Plaintiff was assigned to the Cleveland House residence on the day shift, 7:30 am to 4:00 pm, working Wednesday through Sunday, with Monday and Tuesday off. (ECF 59, ¶¶ 51, 55.) Plaintiff's employment was governed, in part, by the State/CSEA Institutional Services Unit ("ISU") Collective Bargaining Agreement ("CBA"). (ECF 59, ¶¶ 48-49; Perrin Decl., Ex. C, State/CSEA ISU CBA Articles 44 and 45.)[2] Relevant here, the CBA contains provisions that regulate how staff is assigned to shifts and workdays, as well as how job vacancies are posted and filled, based on seniority. (ECF 59, ¶¶ 61, 67-70, 76; Perrin Decl. Ex. C, Articles 44 and 45.) After Plaintiff received her assignment, she submitted a request for a religious

---

[1] This statement of alleged facts is taken from the AC and assumes the truth of the allegations solely for purposes of the instant motion to dismiss and strike.

[2] The ISU CBA is incorporated by reference and relied on heavily throughout the AC. (ECF 59, ¶¶ 48-49, 61, 67-70, 76, 93, 106-107, 125.) Thus, this Court may consider it in reviewing this motion. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018).

accommodation. (ECF 59, ¶ 56.) As a practicing Seventh Day Adventist, she observes the sabbath from sundown on Friday until sundown on Saturday, which conflicted with her assigned shift and workdays. (ECF 59, ¶¶ 55-56.) OPWDD Human Resources determined that, in order to accommodate Plaintiff, her shift and/or workdays would need to be changed, which would violate the seniority system in the contract. (ECF 59, ¶¶ 61, 93; Perrin Decl., Ex. C, Arts. 44, 45.) OPWDD contacted CSEA to ask whether the union would waive the terms of the CBA so that an accommodation could be offered to Plaintiff. (ECF 59, ¶ 76.) CSEA declined to waive the seniority-based provisions of the contract. (ECF 59, ¶¶ 77, 108.) Consequently, OPWDD advised Plaintiff that her request for a religious accommodation was denied. (ECF 59, ¶ 93.)[3]

Plaintiff used accrued leave time, or called out of work, to absent herself from her scheduled Saturday day shifts, to observe the sabbath. (ECF 59, ¶ 101.) On May 16, 2024, OPWDD notified Plaintiff that her probationary employment would terminate effective May 23, 2024, due to frequent call outs. (ECF 59, ¶¶ 112-113.)

Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") on August 5, 2024, alleging religious discrimination and retaliation. (ECF 59, ¶ 23.) Plaintiff obtained a notice of rights letter from the EEOC as against CSEA. (Perrin Decl., Ex. B; ECF 59, ¶ 27.)

---

[3]    Plaintiff made a second request for a religious accommodation in December of 2023, which resulted in the same outcome. (ECF 59, ¶¶ 102, 104, 106.)

## STANDARD OF REVIEW

Under Fed. R. Civ. Pro. 12(b)(6), and the current pleading standard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To be plausible on its face, a complaint must supply "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 662.

Although a district court's analysis of a motion to dismiss is confined to "the allegations contained within the four corners of [the] complaint," *Pan i v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998), a court may also examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Moreover, the Court may consider documents not incorporated by reference if "the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint," *id.* at 153, provided that the plaintiff has notice of such documents. *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991).

As to a motion brought under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

4

constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 [2d Cir. 2002]). The court "must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). But "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue." (*Id.*)

Federal Rule of Civil Procedure 23 sets forth a two-step analysis for determining whether a court may certify a particular case as a class action. *Deen v. New Sch. Univ.*, No. 05 –cv-7174, 2008 WL 331366, at *1 (S.D.N.Y. Feb. 4, 2008). A Plaintiff must state "numerosity," "commonality," "typicality," and that the representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. Pro. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348– 49 (2011). Further, a Plaintiff seeking class status on the basis of Rule 23(b)(2), must demonstrate that the Defendant(s) "acted or refused to act on grounds that apply generally to the class" as a whole.

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM FOR RELIEF.

Plaintiff was hired by OPWDD in August of 2023 to work as a DSA for Brooklyn DDSO. (ECF 59, ¶¶ 31, 51.)  As a practicing Seventh Day Adventist, she observes the sabbath from sundown on Friday until sundown on Saturday, which conflicted with her work assignment of Wednesday through Sunday on the day shift.  (ECF 59, ¶¶ 32, 55-56.)  She requested an accommodation to not work Saturdays during the day.  (ECF 59, ¶ 56.)  The CBA governing certain terms of Plaintiff's employment contains two seniority-based provisions that impact staff assignment to shifts, days off, and vacant positions.  (ECF 59, ¶¶ 48-49, 61, 67-70, 76; Perrin Decl., Ex. C.)  OPWDD asked CSEA whether it would waive the terms of the CBA so an accommodation could be offered to Plaintiff, and CSEA declined.  (ECF 59, ¶ 76.)  Consequently, Plaintiff was advised that her requests for religious accommodation were denied.  (ECF 59, ¶ 93.)  Plaintiff swapped shifts with coworkers, used accrued leave, or called out of work to be off on the sabbath. (ECF 59, ¶¶ 18, 94-96, 98, 100-101.)    In May of 2024, Plaintiff was terminated by OPWDD due to frequent call outs from work.  (ECF 59, ¶¶ 111, 112.)  Then, Plaintiff filed an administrative complaint against OPWDD with the New York State Division of Human Rights ("NYSDHR"), as well as administrative complaints against OPWDD and CSEA with the EEOC, alleging religious discrimination and retaliation.  (ECF 59, ¶¶ 17, 23.)  Upon receipt of notice of right to sue, Plaintiff filed a federal Complaint, which she later amended.  (ECF 18; ECF 59, ¶ 27; Perrin Decl., Ex. B.) The AC fails to state a plausible claim for relief and should be dismissed.

6

A. **Plaintiff's Title VII Allegations.**

To state a plausible claim for relief on her Title VII claim against Defendant CSEA, Plaintiff must allege facts which, if true, show that Defendant CSEA discriminated against her on the basis of religion. This is because, in considering a Title VII request to accommodate claim, a seniority system that has been collectively negotiated between the union and the employer does not need to "give way" to an employee's religious observance of the sabbath and is not an unlawful employment practice, so long as the seniority system does not have a discriminatory purpose. *See Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 83 (1977); 42 U.S.C. § 2000e-2(h).

Here, the collective bargaining agreement between the State of New York and CSEA, covering Plaintiff's employment with OPWDD, contains a neutral, nondiscriminatory seniority system that would be violated by granting the accommodation requested by Plaintiff. Plaintiff does not allege that the seniority system was negotiated between the State and CSEA with a discriminatory purpose. *See Cosme v. Henderson*, 287 F.3d 152, 160 (2d Cir. 2002).

In addition, Plaintiff acknowledges that CSEA was not advised that OPWDD's inquiry about waiving the contractual seniority provisions was because of Plaintiff's religious observance. (ECF 59, ¶¶ 76, 78.) If CSEA did not have knowledge that Plaintiff sought a religious accommodation, this Court cannot possibly "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Nevertheless, Plaintiff attempts to allege that CSEA's declination to waive the seniority system was motivated by discrimination. (ECF 59, ¶¶ 78-83.) To this end, Plaintiff avers that CSEA "already knew [Plaintiff] had requested a sabbath accommodation" because Plaintiff "inquired about having the sabbath off" when she met with OPWDD Human Resources and CSEA Brooklyn DDSO President Faye Wilkie-Fields to choose a work location. (ECF 59, ¶ 78,

7

referencing ¶ 54.) This conclusion is not supported by the facts and should not be accepted by this Court as a sufficient basis to withstand the instant motion to dismiss.    First, asking about having the sabbath off is not the equivalent of requesting a religious accommodation; there is no indication that CSEA understood Plaintiff's inquiry at that time to be so. Second, there is no evidence to suggest that, when CSEA was approached by OPWDD about a waiver, CSEA had any reason to know the request was founded in religion.    To the contrary, Plaintiff concedes that the email between OPWDD and CSEA did not indicate the basis for asking whether CSEA would agree to a waiver.    (ECF 59, ¶ 76.)    Rather, OPWDD stated it "did not know the reason for the accommodation request." (ECF 59, ¶ 78.)  Based on this statement from OPWDD, CSEA would have no reason to presume the basis for the waiver was religion.    Indeed, people ask for accommodations at different times, for different reasons.  Plaintiff's assertion that "CSEA already knew" is pure conjecture and need not be accepted by this Court as "true."    (ECF 59, ¶ 78.) *Twombly*, 550 U.S. at 555.

Next, Plaintiff surmises "[o]n information and belief" that CSEA has waived the seniority provisions of Articles 44 and 45 in the past for other employees for non-religious reasons.  (ECF 59, ¶ 79.)   There are no facts to support this statement.  Plaintiff then concludes that if CSEA agreed to waivers for non-religious reasons but declined to do so for Plaintiff, whose reason was religious in nature, CSEA engaged in discrimination against Plaintiff on the basis of religion. (ECF 59, ¶ 80). Again, this is a conclusion based on nothing.  Assuming, for the sake of argument, that CSEA has ever granted waivers, and has done so for non-religious reasons, it would still be guesswork to infer that CSEA possessed anti-religious discriminatory intent when it declined to grant a waiver for Plaintiff.  Plaintiff pleads that CSEA was not told the basis for the request in this instance.  (ECF 59, ¶¶ 76, 78.)  Therefore, the denial could not have been focused on that basis,

namely religion. Plaintiff is unable to plausibly claim that CSEA's refusal to waive the seniority provisions was in any way motivated by religious discrimination.

Further, Plaintiff posits – again, solely "[o]n information and belief" – that CSEA could have, but did not, survey the membership to look for volunteers to swap shifts with Plaintiff, though CSEA supposedly did so in the past in relation to non-religious requests, and concludes that CSEA must have been motivated by religious discrimination to deny Plaintiff's request. (ECF 59, ¶¶ 81-83.) Not only are these assertions, and Plaintiff's conclusion, created from whole cloth, but they miss the mark entirely. First, CSEA has no obligation to seek out voluntary shift swaps to assist Plaintiff. *Sides v. NYS Div. of State Police*, No. 03-CV-153, 2005 WL 1523557, at *5 (N.D.N.Y. June 28, 2005). Therefore, any alleged failure to do so cannot be improper. Second, a permanent or ongoing shift swap violates the seniority provisions of the contract by circumventing the rights of other members to obtain shifts and pass days based on seniority. (*See* Perrin Decl., Ex. C.) By declining to waive the contract provisions, CSEA is necessarily declining to agree to a permanent shift swap for Plaintiff. It is the same refusal. Third, as with Plaintiff's suggestion about the waiver, discussed above, there are no facts to support the proposed narrative. This purely speculative attempt to craft a basis for a discrimination claim fails and must be rejected. *Iqbal*, 556 U.S. at 678-679.

Finally, Plaintiff's assertion that the State could have fashioned an accommodation that would not have violated the contract is incorrect. *See Mines v. City of New York*, No. 11-CV-7886, 2013 WL 5904067 (S.D.N.Y. Nov. 4, 2013); *Sides*, 2005 WL 1523557, at *5.

In the absence of a plausible federal claim, this Court should not exercise supplemental jurisdiction over Plaintiff's State or City Law claims.

## B. Plaintiff's NYSHRL and NYCHRL Allegations.

Plaintiff's NYSHRL and NYCHRL claims likewise fail to plead plausible claims, under the applicable analysis.

Turning to Plaintiff's claims under NYSHRL for discrimination and retaliation, as against Defendant CSEA, as argued above, the AC does not plausibly allege that any action or inaction on the part of CSEA was motivated by her religion, beliefs, or observance or by retaliation for any protected activity in which Plaintiff engaged. *See, Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98 (2d Cir. 2011) (analysis of claims and standards for liability under NYSHRL are identical to Title VII); *Erasmus v. Deutsche Bank Americas Holding Corp.*, 2015 WL 7736554, at *4 (S.D.N.Y. 2015). These claims are insufficient and should be dismissed.

Similarly, to bring a claim under NYCHRL, Plaintiff must plead facts that plausibly show Defendant CSEA's conduct was caused at least in part by discriminatory or retaliatory motive. *Dillon v. Ned Management, Inc.*, 85 F. Supp. 3d 639, 654 (E.D.N.Y. 2015); *Williams v. New York City Housing Auth.*, 61 A.D.3d 62, 71 (1st Dept. 2009). Plaintiff has not done so sufficiently; the only allegations to this end are "on information and belief." Thus, these claims should be dismissed.

To the extent the AC may be construed to raise "aider and abettor" claims under NYSHRL and NYCHRL, such claims exist only where liability has been established against the employer. N.Y. Exec. L. § 296(6); N.Y.C. Admin. Code § 8-107(6); *see, Yerry v. Pizza Hut of Southeast Kansas*, 186 F. Supp. 2d 178 (N.D.N.Y 2002); *Sowemimo v. D.A.O.R. Sec., Inc.*, 43 F. Supp. 2d 477, 490-91 (S.D.N.Y. 1999); *Kent v. Papert Companies, Inc.*, 309 A.D.2d 234, 247 (1st Dept.

10

2003). Moreover, Plaintiff has failed to plead the necessary factual support to establish liability on the part of Defendant CSEA under these statutes. *See, Morgan v. NYS Atty. Gen's Office*, 2013 WL 491525, at \*13 (S.D.N.Y. Feb. 8, 2013); *Dillon*, 85 F. Supp. 3d at 662. These claims should be dismissed.

11

## POINT II

## THE COURT SHOULD STRIKE PLAINTIFF'S CLASS-ACTION-RELATED ALLEGATIONS.

Pursuant to Fed. R. Civ. Pro. 12(f), a court may strike from a pleading "redundant, immaterial, impertinent, or scandalous matter." In addition, class certification is governed by Fed. R. Civ. Pro. 23. Plaintiff herein requests certification for a purported class, under Rule 23(a) and (b)(2). (ECF 59, ¶¶ 7-12, 116-131.) Plaintiff's request should be denied, and the class-action-related allegations struck, since the AC fails to sufficiently plead proper, non-conclusory support for certification purposes under those provisions.

Plaintiff must state "numerosity," "commonality," "typicality," and that the representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. Pro. 23(a); *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348–49 (2011). It is submitted that her pleadings fail to satisfy these requirements.

Rule 23(a)(1) requires the Plaintiffs to demonstrate that the proposed class is "so numerous that joinder of all members is impracticable." Here, Plaintiff posits that there are "undoubtedly many employees" who would make up a potentially "numerous" class; this is entirely speculative. (ECF 59, ¶ 9.) She has not identified a single individual in addition to herself who would be a member of this class. *PFT of Am., Inc. v. Tradewell, Inc.*, 98-CV-6413, 1999 WL 179358, at **1-2 (S.D.N.Y. Mar. 31, 1999). Even if this Court were inclined to accept Plaintiff's "confidential" witnesses, they would not suffice. (*See* ECF 59, ¶¶ 119-120.) At best, the AC proposes that there is one sabbath keeper who was not given an accommodation, and "several" more rumored sabbath keepers who were not given accommodations. (*Id.*) Notably, the AC asserts that only Confidential Witness 1 was terminated. (ECF 59, ¶ 119.) As for the "others," the AC asserts merely that they were not accommodated; they may have continued employment. (ECF 59, ¶ 120.)

Rule 23(a)(2) requires that plaintiffs raise "questions of law or fact common to the class." Plaintiff seeks certification for a class of "sabbath observers." (ECF 59, ¶ 7.) As such, this group would unavoidably include individuals of different faiths, with different observance needs. Plaintiff suggests the class would include those OPWDD employees who have been "denied their right to observe the sabbath" as well as those who "have been disciplined for observing the sabbath," and possibly even those who may "have refrained" from requesting an accommodation. (ECF 59, ¶¶ 11, 123.) As such, this group would have experienced various allegedly adverse employment actions. Plaintiff also proposes that the class would include both OPWDD employees and "prospective employees" who she surmises may have been denied employment because of their sabbath observance. (ECF 59, ¶ 11.) Consequently, this group would encompass individuals who were never represented by CSEA, and for whom Plaintiff is not a proper representative. These dissimilarities within the proposed class "have the potential to impede the generation of common answers" to the common question required by Rule 23(a)(2). *Wal-Mart Stores, Inc. v.* Dukes, 564 U.S. at 350 (internal citation omitted).

Rule 23(a)(3) requires that "the claims…of the representative parties are typical of the claims… of the class." Notably, "The commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 158, n. 13 (1982). Here, Plaintiff proposes a class in which her claim would not be "typical" to the other class members since they will not all be Seventh Day Adventists, in need of Saturday daylight hours off, may have experienced various adverse employment actions, and may not ever have been OPWDD employees or – relevant for this Defendant – may not ever have been CSEA bargaining unit employees. In addition, the proposed class ignores the individualized nature of reasonable accommodation

requests and determinations. *See Taylor v. Zucker*, 14-CV-05317, 2015 WL 4560739, at *12 (S.D.N.Y. July 27, 2015).

Next, Rule 23(b)(2) requires Plaintiff to demonstrate that the Defendant(s) "acted or refused to act on grounds that apply generally to the class" as a whole. The AC lacks allegations regarding the existence of a discriminatory policy or practice of Defendant CSEA toward religious accommodations. Plaintiff asserts that CSEA was not aware that her request for an accommodation was based on religious observance. (ECF 59, ¶¶ 76, 78.) While Plaintiff then states her belief that CSEA has waived the seniority provisions in the past for other employees whose requests were not for religious reasons, concluding discrimination against herself on the basis of religion, these suppositions do not demonstrate the existence of religious bias toward waiver-requesters as a general premise. (ECF 59, ¶¶ 78-80.) Plaintiff does not allege, and cannot show, either that religious-based waivers have never been granted by CSEA, or that non-religious-based waivers have always been granted.

In sum, since Plaintiff has not satisfied the requirements of Rule 23(a)(1) through (3), or Rule 23(b)(2), the allegations may – and should – be struck at the pleading stage.

14

# CONCLUSION

By reason of the foregoing, it is respectfully requested that Plaintiff's action as against Defendant CSEA be dismissed together with such other and further relief as this Court may deem just and appropriate.

Dated: June 27, 2025
      Albany, New York

                  Respectfully submitted,

                  DAREN J. RYLEWICZ
                  Attorney for Defendant CSEA

By: _____
                  Leslie C. Perrin, of counsel
                  Civil Service Employees Association, Inc.
                  Box 7125, Capitol Station
                  143 Washington Avenue
                  Albany, New York 12224
                  (518) 257-1443
                  leslie.perrin@cseainc.org

PL/25-0198/LCP/ks/ Brief Body and Cover/#1436991

15

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) of the Joint Local Rules of the Southern and Eastern Districts of New York ("Local Rules"), and Section 4(A) of the Individual Rules & Practices in Civil Cases of Ronnie Abrams, United States District Judge, I certify that this document complies with the length limitations of those rules. Based upon a count of words as set forth in the Local Rules, this document contains 4,614 words (fewer than 8,750 words).

Leslie C. Perrin

16