UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZETTE DE SOUZA, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>    -against-<br><br>THE STATE OF NEW YORK; NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES; WILLOW BAER, Acting Commissioner (in her official capacity); STEPHANIE THOMAS, Designee for Reasonable Accommodations (in her official and personal capacities); TERESA MEADOWS, Treatment Team Leader at Cleveland IRA (in her official and personal capacities); DAWN WILSON, Deputy Director of State Operations (in her official and personal capacities); SHERMARKE TANNIS, Regional Director of Human Resources (in his official and personal capacities); SHAUNA CARTER, Associate Director of Human Resources (in her official and personal capacities); COREEN PAYNE, Developmental Disabilities Program  Specialist IV (in her official and personal capacities); EDELINE FLEURY, Supervisor (in her official and personal capacities); LOLA CALLUM, Supervisor (in her official and personal capacities); MAJALIWA SUMCHAI, Human Resources Generalist (in her official and personal capacities); JANE DOE 1, Human Resources Generalist (in her official and personal capacities); and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO,<br><br>             Defendants. | Case No. 25-cv-1222 (RA) (RFT) |

## CONFIDENTIALITY STIPULATION
## AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information

and documents exchanged by the parties in connection with the pre-trial phase of this action:

1

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information[1] ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.      The requesting party and counsel, including in-house counsel;

    b.      Employees of such counsel assigned to and necessary to assist in the litigation;

    c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

---

[1] Including but not limited to: (a) The mental health, clinical, psychiatric, medical, substance abuse, educational, and disability records of individuals currently or formerly receiving services, care and/or treatment from the New York State Office for People With Developmental Disabilities; (b) Personal or identifying information of putative class members, including but not limited to all employment records and records related to requests for accommodations, if any; and (c) Any other documents, information, or materials from which the identity of an individual listed in the prior subparagraphs may be determined.

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

     5.     Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**;

     6.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information subject to all the terms of this Stipulation and Order.

     7.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party destroyed.

11.     Nothing herein shall preclude the parties from disclosing material designated to be

Confidential Information if otherwise required by law or pursuant to a valid subpoena.

FOR PLAINTIFF

_____

Anthony Harwood
HARWOOD LAW PLLC
260 Madison Avenue, 16th Floor
New York, New York 10016
(212) 867-6820
tony.harwood@aharwoodlaw.com


FOR DEFENDANT CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC.,
LOCAL 1000, AFSCME, AFL-CIO

_____

Leslie C. Perrin
CSEA
(518) 257-1443
leslie.perrin@cseainc.org

FOR NYS DEFENDANTS[2]

*Caroline P. Wallitt*
_____

Caroline Wallitt
Elizabeth Filatova
OFFICE OF THE NYS
ATTORNEY GENERAL
28 Liberty Street
New York, New York 10005
(212) 416-8000
Caroline.Wallitt@ag.ny.gov
Elizabeth.Filatova@ag.ny.gov


SO ORDERED:

_____

Hon. Robyn F. Tarnofsky, U.S.M.J.

Dated: June 29, 2026
       New York, New York

_____

[2] Comprised of Defendants The State of New York, New York State Office for People With Developmental Disabilities, Willow Baer, Stephanie Thomas, Theresa Meadows, Dawn Wilson, Shermake Tannis, Shauna Carter, Coreen Payne, Edeline Fleury, Lola Callum, and Majaliwa Sumchai.

Confidential Information if otherwise required by law or pursuant to a valid subpoena.


 FOR PLAINTIFF                                    FOR NYS DEFENDANTS[2]


*Anthony Harwood*                                *Caroline P. Wallitt*
_____                      _____

 Anthony Harwood                                  Caroline Wallitt
 HARWOOD LAW PLLC                                 Elizabeth Filatova
 260 Madison Avenue, 16th Floor                   OFFICE OF THE NYS
 New York, New York 10016                         ATTORNEY GENERAL
 (212) 867-6820                                   28 Liberty Street
 tony.harwood@aharwoodlaw.com                     New York, New York 10005
                                                  (212) 416-8000
                                                  Caroline.Wallitt@ag.ny.gov
                                                  Elizabeth.Filatova@ag.ny.gov

 FOR DEFENDANT CIVIL SERVICE
 EMPLOYEES ASSOCIATION, INC.,
 LOCAL 1000, AFSCME, AFL-CIO


_____


 Leslie C. Perrin
 CSEA
 (518) 257-1443
 leslie.perrin@cseainc.org


                                                 SO ORDERED:



                                                 _____
                                                 Hon. Robyn F. Tarnofsky, U.S.M.J.


Dated:  June __, 2026
        New York, New York


_____

[2] Comprised of Defendants The State of New York, New York State Office for People With Developmental Disabilities, Willow Baer, Stephanie Thomas, Theresa Meadows, Dawn Wilson, Shermake Tannis, Shauna Carter, Coreen Payne, Edeline Fleury, Lola Callum, and Majaliwa Sumchai.

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUZETTE DE SOUZA, individually and on behalf of all others similarly situated,

               Plaintiff,

    -against-

THE STATE OF NEW YORK; NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES; WILLOW BAER, Acting Commissioner (in her official capacity); STEPHANIE THOMAS, Designee for Reasonable Accommodations (in her official and personal capacities); TERESA MEADOWS, Treatment Team Leader at Cleveland IRA (in her official and personal capacities); DAWN WILSON, Deputy Director of State Operations (in her official and personal capacities); SHERMARKE TANNIS, Regional Director of Human Resources (in his official and personal capacities); SHAUNA CARTER, Associate Director of Human Resources (in her official and personal capacities); COREEN PAYNE, Developmental Disabilities Program  Specialist IV (in her official and personal capacities); EDELINE FLEURY, Supervisor (in her official and personal capacities); LOLA CALLUM, Supervisor (in her official and personal capacities); MAJALIWA SUMCHAI, Human Resources Generalist (in her official and personal capacities); JANE DOE 1, Human Resources Generalist (in her official and personal capacities); and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO,

               Defendants.

Case No. 25-cv-1222 (RA) (RFT)

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and

6

that at the conclusion of the litigation, I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself for the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 202_

Name (printed) _____         Signature _____

Signed in the presence of:

_____
Attorney

7